### MILLER v HARPEST

Ohio Appeals, 2nd Dist, Montgomery Co
No 1016. Decided Dec 30, 1930

H. P. Jeffrey, Columbus, and T. C. Canny, Dayton, for Miller.

Marshall & Harlan, Dayton, for Harpest.

### THE FACTS ARE STATED IN THE OPINION

ALLREAD, J:

Russell G. Miller, a minor of the age of 16 years brought suit in the Court of Common Pleas by E. O. Miller his father as his next friend against G. H. Harpest to recover damages based upon a charge of negligence. The action in the Court of Common Pleas resulted in a verdict in favor of defendant signed by nine members of the jury. A motion for a new trial was filed and overruled and error is prosecuted to the Court of Appeals. The first assignment of error is based upon the exclusion of the father and next friend from the Court room. This depends upon the following order.

"Motion by Mr. Harlan for separation of the witnesses which motion was granted and all except the plaintiff and defendant were ordered by the Court to retire from the Court until their names were called.

Request of Mr. Jeffries (without the hearing of the jury) that the father of Russell and next friend of the plaintiff be permitted to remain in which denied by the defendant to which Mr. Canny noted several exceptions."

It is held in the case of **Sturges v Longworth 1 Oh St, 554** in a case where a lunatic defendant is brought into Court by publication and the guardian ad litem has been appointed who accepts the appointment, but files no answer that it is error for the Court to decree against a lunatic without an answer from his guardian ad litem.

On page 555 it is laid down that,

"It is said, however, that the answer of the guardian ad litem is a mere formal matter; that he can admit nothing; and that the Court are bound to have the claim of the plaintiff proved, whether there be an answer in or not. The question again recurs to us, if it is not necesasry that a guardian ad litem should act or do anything why is it necessary that he should be appointed at all? We have attempted to show that the thing of appointing a guardian ad litem to defend a lunatic was important and necessary as a matter of principle; but, supposing that the appointment and answer, and all the proceedings in reference to it, were merely formal, still this would not justify dispensing with them. Forms are the means used for carrying into effect the principles of the law. Error may be committed in dispensing with these formal matters the same as where there has been an error in principle."

Later on in the case of **Johnson, Guardian v Pomeroy 31 Oh St, 247** where the case of Sturges v Longworth is reviewed in the opinion by McIlvaine, J it was held,

" (1) An insane person may be sued and

jurisdiction over his person acquired by the like process as if he were sane. But when it is made to appear to the Court that a party to the suit is insane, it is made the duty of the Court by statute (S. & C. 385, Sec. 7) to appoint a trustee to prosecute or defend the suit for and on behalf of such insane party. And, indeed before the statute, it was the duty of the Court to appoint a guardian ad litem for an insane party. Sturges v Longworth 1 O. S., 554. And no doubt it is the duty of a plaintiff, who sues an insane person if he has knowledge of the insanity, to inform the Court thereof. But the failure to perform any of these duties does not affect the jurisdiction of the Court, but only the regularity of the procedings. Therefore it is, that the judgment of a Court having jurisdiction of the subject matter of the suit, and of the person of such party, notwithstanding such irregularity, is not absolutely void."

Again in **Roberts, Executor v Roberts, Jr, 61 Oh St,** 96 the question was brought up in respect to the guardian of a minor where it was held that such guardian has no right to waive the issue of service of summons nor can the Court proceed to render judgment without the interposition of an answer by the guardian in fact or guardian ad litem.

We are clear, therefore, that the next friend in the case had the right to be present during the trial and that his exclusion from the Court room during the progress of the trial was error.

If it was error to render a judgment without an answer from the guardian ad litem, we cannot conceive of the trial proceeding without the next friend being present.

The next objection arises upon the charges given at the request of the defendant in error before argument.

Special charge No. 2 is as follows:

"There can be no recovery in this case by the plaintiff unless defendant was negligent and such negligence directly caused the injury and such negligence cannot be inferred it must be proved to avail plaintiff and proved by a preponderance of all the evidence."

The particular part of this charge to which objections are made is:
"And such negligence cannot be inferred."
We think this portion of the charge was erroneous. It is clear that the negligence charged may be proven here by direct evidence or by inference from facts proven. We think this proposition is based upon

the law as laid down in the case of **Brewing Company v Bauer 50 Oh St,** 560 and **Railway Company v Grambo 103 Oh St, 471; Scovanner v Tolke 119 Oh St,** 256.

It may be urged that the error in the instruction in reference to finding of negligence only goes to a part of the case, however, this may be it is clear to the Court that the error as to the exclusion of the next friend goes to the entire case and, in our judgment, calls for a reversal thereof. Judgment is therefore reversed and cause remanded to Court of Common Pleas for a new trial.

KUNKLE, PJ, & HORNBECK, J, concur.